IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY IAN MILLER, ) | CIVIL NO. 11-00264 LEK-RLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEUTSCHE BANK TRUST COMPANY, ) | |
| a national banking ) | |
| association, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING PLAINTIFF'S MOTION**
**FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER**

On April 20, 2011, Plaintiff Jeffrey Ian Miller ("Plaintiff") filed a Verified Complaint ("Complaint") [dkt. no. 1] and Motion for Preliminary Injunction/Temporary Restraining Order("Motion") [dkt. no. 5].[1] The Motion came on for hearing on May 2, 2010. Appearing for Plaintiff was Steven Geshell, Esq. Charles Prather, Esq., made a special appearance for Defendant. After careful consideration of the Motion, supporting memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff seeks a temporary restraining order ("TRO")

---

[1] The certificate of service appended to the Motion indicates that Plaintiff served it upon foreclosure counsel for Defendant Deutsche Bank Trust Company ("Defendant") via hand delivery on April 20, 2011. [Dkt. no. 5-1.]

prohibiting Defendant from proceeding with non-judicial foreclosure against several properties owned by Plaintiff, described in the Motion as: (a) Kapolei House; (b) Koʻolina Apartment M42-1; (c) Koʻolina Villas Apartment M10-3; (d) Nihilani Apartment No. 24B; and (e) Nihilani Apartment No. 18A. [Motion at 2-3.] Properties (a), (b), and (c) are Land Court properties, while properties (d) and (e) are in the Regular System of the Bureau of Conveyances. Four of the properties are set to be sold at public auction on May 6, 13, 20, 24.[2] [Complaint ¶¶ 7, 12, 16, 19.]

The Complaint alleges the following three counts: (1) Injunctive Relief; (2) Declaratory Judgment under Hawaiʻi Revised Statutes § 632-1; and (3) Quiet Title under Hawaiʻi Revised Statutes § 669-1. Attached to the Complaint are Land Court Certificates of Title for the three Land Court properties; each bears a seal from the Assistant Land Court Registrar, attesting that each Certificate of Title is "[a] true copy as of" March 10, 2008. [Complaint, Exhs. 1, 3, 5.] None of the Land Court Certificates of Title show an assignment of mortgage to Defendant. Plaintiff challenges Defendant's right to non-

---

[2] Property (b), the Koʻolina Apartment M42-1, is currently "in process for a short sale." [Suppl. Geshell Decl., filed 05/01/11 (dkt. no. 11), at ¶ 6.] Property (e), Nihilani Apartment No. 18A, is not currently the subject of judicial or non-judicial foreclosure, but Plaintiff has received a collection letter from an attorney claiming to represent Defendant, claiming there is a balance due on that mortgage. [Complaint ¶ 22.]

2

judicially foreclose on the subject properties.

**I.   Procedural Background**

The Court held a status conference on the Motion on April 29, 2011.  Appearing for Plaintiff was Mr. Geshell.  Mr. Prather and David Rosen, Esq., each made a special appearance for Defendant.  Messrs. Prather and Rosen stated that they have not been retained by Defendant in this matter.

On May 1, 2011, Plaintiff filed a supplemental memorandum in support [dkt. no. 12] and Supplemental Declaration of R. Steven Geshell Supporting Plaintiff's Motion for Preliminary Injunction ("Supplemental Geshell Declaration") [dkt. no. 11].  On May 2, 2011, Plaintiff filed a Second Supplemental Declaration of R. Steven Geshell.  [Dkt. no. 13.]  Defendant has not filed an opposition.

**II.  Plaintiff's Motion**

The Motion asks for a preliminary injunction, and, alternatively, for a temporary restraining order enjoining Defendant from pursuing a non-judicial foreclosure against Plaintiff's properties.  The crux of Plaintiff's argument in support of the Motion is that, although Defendant is not the record title owner of the mortgages, it is pursuing non-judicial foreclosures of the properties without filing proper notices with the Hawai'i Bureau of Conveyances.

In his memorandum in support, Plaintiff asserts that Defendant "is not the record title owner of the mortgages of the subject properties," [Mem. in Supp. at 2,] and that any assignment of mortgage from lender American Home Mortgage or its nominee Mortgage Electronic Registration Systems ("MERS") have not been recorded at the Bureau of Conveyances, either in the Regular System or Land Court System [id. at 3]. Therefore, "Defendant has no right to foreclose on the mortgages, in that it has not established of record that it acquired ownership of the mortgages upon which non-judicial foreclosure is being sought presumably under HRS § 667-5, *et seq*." [Id.]

On April 29, 2011, the Court entered an order instructing the parties to address whether Defendant must record the assignments in question in order to proceed with non-judicial foreclosure pursuant to Haw. Rev. Stat. § 667-5. [Dkt. no. 10.] In response, Plaintiff provided argument and authorities attempting to show "that the Defendant must record a valid assignment with the Bureau of Conveyances in order to proceed with a non-judicial foreclosure." [Suppl. Mem. in Supp. at 2.] With respect to Hawaii's non-judicial foreclosure law, Plaintiff states that:

> HRS § 667-5 authorizes mortgagee successors to proceed with non-judicial foreclosures but requires the mortgagee, within 30 days after selling the property, to file a copy of the notice of sale and the mortgagee's affidavit setting forth mortgagee's acts fully and particularly,

4

>     which affidavit must be filed with the Bureau of
>     Conveyances.  HRS § 667-5(d).

[Id.]

Plaintiff next asserts that Haw. Rev. Stat. § 501-82 "provides that unrecorded documents pertaining to title or encumbrances are ineffective if not noted on the certificate of title as against a subsequent purchaser who takes the certificate of title for value in good faith." [Id.] Further, Plaintiff argues that Haw. Rev. Stat. § 501-101 "makes unregistered documents inoperative as a conveyance or binding the land but such documents are operative between the parties only." [Id. at 3.] Plaintiff cites City & County of Honolulu v. A. S. Clarke, Inc., 60 Haw. 40, 587 P.2d 294 (1978), arguing that "unrecorded interests in Land Court property are invalid as to others dealing with the Transfer Certificate of Title." [Id.] Interpreting Haw. Rev. Stat. § 501-101, A. S. Clarke, Inc., explained that "[t]his statute thus provides that any Unregistered instrument purporting to convey or affect registered land shall not bind or affect the land but shall only be regarded as a contract between the parties." 60 Haw. at 47, 587 P.2d at 299.

Plaintiff next argues that "one taking title under a certificate of title, takes free of unregistered encumbrances of record because the certificate of title is conclusive and unimpeachable so that one taking title for value . . . is entitled to hold the land and title free of all encumbrances

5

except those noted on the TCT." [Suppl. Mem. in Supp. at 4.]

Finally, Plaintiff argues that the Hawai'i Intermediate Court of Appeals' holding in <u>IndyMac Bank v. Miguel</u>, 117 Hawai'i 506, 184 P.3d 821 (Ct. App. 2008), does not apply in the instant matter because Plaintiff filed a *lis pendens* with the Bureau of Conveyances on April 21, 2011, "so if the Defendant Bank tries to file the assignment after that date, it is inferior to the *lis pendens* by virtue of the case and statutory authority because first in time is first in right on the transfer certificate of title (TCT)." [<u>Id.</u>] According to Plaintiff, <u>IndyMac Bank</u> held that a "bank's failure to record its interest in the mortgage prior to filing suit did not prevent it from having standing do judicially foreclose." [<u>Id.</u>]

Attached to the Supplemental Geshell Declaration are copies of various notes, mortgages, and assignments of mortgage provided to Plaintiff's counsel via email by Mr. Rosen on April 27, 2011. Specifically, Exhibit A3 is an assignment of mortgage from MERS to Defendant relating to property (a), the Kapolei House, dated March 14, 2011, and recorded in Land Court on March 23, 2011. [Suppl. Geshell Decl., Exh. A3.] Exhibit B is an assignment of mortgage from MERS to Defendant relating to property (b), Ko'olina Apartment M42-1, dated March 16, 2011, and recorded in Land Court on March 23, 2011. [Suppl. Geshell Decl., Exh. B.] Exhibit C3 is an assignment of mortgage from MERS to

Defendant relating to property (c), Koʻolina Villas Apartment M10-3, dated March 16, 2011, and recorded in Land Court on March 28, 2011. [Suppl. Geshell Decl., Exh. C3.] Exhibit D3 is an assignment of mortgage from MERS to Defendant relating to property (d), Nihilani Apartment No. 24B, dated March 14, 2011, and recorded in Land Court on March 23, 2011. [Suppl. Geshell Decl., Exh. D3.]
Plaintiff did not contest the authenticity or veracity of these exhibits in his pleadings or at the hearing on May 2, 2011.

## STANDARD

The standard for issuing a temporary restraining order ("TRO") is identical to the standard for issuing a preliminary injunction. <u>Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.</u>, 236 F. Supp. 2d 1152, 1154 (D. Hawaiʻi 2002). In <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." So long as all four parts of the <u>Winter</u> test are applied, "a preliminary injunction [may] issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply

7

in [plaintiff's] favor.'" Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003)).

**DISCUSSION**

As set forth below, the Court finds that Plaintiff has not made a sufficient showing to satisfy the four parts of the Winter test for injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 129 S. Ct. at 374.

**I. Likelihood of Success on the Merits**

The Court first discusses the merits of each of the three claims for relief in Plaintiff's Complaint.

**A. First Claim – Injunctive Relief**

Plaintiff's first claim for injunctive relief does not state a stand-alone claim, but is derivative of his other claims. See, e.g., Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); Marzan v. Bank of Am., Civ. No. 10-00581 JMS/BMK, 2011 WL 915574, at *3 (D. Hawai'i Mar. 10, 2011) ("[T]he court follows the well-settled rule that a claim for 'injunctive relief' standing alone is not a cause of

8

action."). Injunctive relief, however, may be available if Plaintiff is entitled to such a remedy on an independent cause of action.

> **B. Second Claim – Declaratory Judgment and Third Claim – Quiet Title**

Plaintiff's second claim seeks a declaratory judgment pursuant to Haw. Rev. Stat. § 632-1 that: (1) Defendant is not the holder and owner of the mortgages and notes; and (2) Defendant is not entitled to pursue non-judicial foreclosure. Plaintiff's third claim states that he is entitled to have his legal title quieted against the claims of Defendant.

In support, Plaintiff argues that the assignments of mortgage in favor of Defendant are ineffective because they have not been recorded with the Bureau of Conveyances, and as a result, Defendant is not entitled to foreclose. Plaintiff, however, has not established that Defendant lacks authority to foreclose on the subject properties.

Hawaii's non-judicial foreclosure law, Haw. Rev. Stat. § 667-5, does not appear to mandate registration of an assignment of mortgage in the manner suggested by Plaintiff. Rather, the statute states in pertinent part that:

> (a) When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an

9

> attorney who is licensed to practice law in the
> State and is physically located in the State. The
> attorney shall:
>
>> (1) Give notice of the mortgagee's,
>> successor's, or person's intention to
>> foreclose the mortgage and of the sale of the
>> mortgaged property, by publication of the
>> notice once in each of three successive weeks
>> (three publications), the last publication to
>> be not less than fourteen days before the day
>> of sale, in a newspaper having a general
>> circulation in the county in which the
>> mortgaged property lies; and
>>
>> (2) Give any notices and do all acts as are
>> authorized or required by the power contained
>> in the mortgage.
>
> (b) Copies of the notice required under subsection
> (a) shall be:
>
>> (1) Filed with the state director of
>> taxation; and
>>
>> (2) Posted on the premises not less than
>> twenty-one days before the day of sale.
> . . . .

Haw. Rev. Stat. § 667-5. On its face, the statute does not expressly require the mortgagee or its successor in interest to register an assignment of mortgage before commencing foreclosure.

Further, the Land Court registration statutes cited by Plaintiff, Haw. Rev. Stat. §§ 501-82 and -101, do not on their face impede Defendant's ability to foreclose under § 667-5. Plaintiff argues only that § 501-82 "in essence, provides that unrecorded documents pertaining to title or encumbrances are ineffective if not noted on the certificate of title <u>as against a subsequent purchaser</u> who takes the certificate of title for value

10

in good faith." [Suppl. Mem. in Supp. of Motion at 2 (emphasis added).] Plaintiff does not allege that Defendant is a subsequent purchaser or that the statute applies to parties who are not subsequent purchasers.

Further, Plaintiff asserts that § 501-101 "makes unregistered documents inoperative as a conveyance or binding the land but such documents are operative between the parties only." [Id. at 3.] Plaintiff cites City & County of Honolulu v. A. S. Clarke, Inc., 60 Haw. 40, 587 P.2d 294 (1978), arguing that "unrecorded interests in Land Court property are invalid as to others dealing with the Transfer Certificate of Title." [Id.] Interpreting Haw. Rev. Stat. § 501-101, A. S. Clarke, Inc., explained that "This statute thus provides that any Unregistered instrument purporting to convey or affect registered land shall not bind or affect the land but shall only be regarded as a contract between the parties." A. S. Clarke, Inc., 60 Haw. at 47, 587 P.2d at 299. The assignments of mortgage at issue here would remain valid contracts between the parties, even if not registered. Assuming the assignments of mortgage are valid contracts between the mortgagee or nominee and Defendant, the Court does not comprehend Plaintiff's claim that Defendant is not entitled to foreclose under the plain language of Haw. Rev. Stat. § 667-5.

In any event, shortly before the hearing on the Motion,

11

Plaintiff filed with the Court the assignments of mortgage that indicate the assignments apparently were, in fact, registered in the Land Court system. Exhibits A3, B, C3, and D3 are the assignments of mortgage relating to the subject properties with notations signifying their recordation with the Bureau of Conveyances. Exhibits A3 and D3 bear a form of notation stating "CERTIFIED BY FIRST AMERICAN TITLE INSURANCE COMPANY TO BE A COPY OF THE DOCUMENT RECORDED ON 03/23/2011" and Exhibit C bears the same notation with a recording date of "03/23/2011." Exhibit B includes the stamp of the "Office of the Assistant Registrar, Land Court, State of Hawaii (Bureau of Conveyances)" indicating "The original of this document was recorded as follows: . . ." on March 23, 2011. Plaintiff failed to address these documents in supplemental briefing or at the hearing, and has not otherwise questioned their authenticity or trustworthiness.[3] In the face of these apparently registered assignments, the Court cannot say that Plaintiff is likely to succeed on the merits of his claims

---

[3] On their face, the exhibits appear to be Bureau of Conveyances Land Court system registration documents; neither party has indicated that the documents are not what they purport to be. The Court makes no findings as to the admissibility of these documents in any subsequent proceedings. "[T]he court's findings of fact and conclusions of law with regard to the preliminary injunction are not binding at trial. Based, as they usually are, on incomplete evidence and a relatively hurried consideration of the issues, these provisional decisions should not be used outside the context in which they originally were rendered." 11A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice & Procedure § 2950 (2d ed.).

for declaratory judgment or to quiet title.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotation omitted). Plaintiff has not met this burden. The Court therefore finds that Plaintiff is not likely to succeed on the merits of his second and third claims based on the current record before the Court.

## II. Irreparable Harm

> Plaintiffs seeking preliminary injunctive relief must "demonstrate that irreparable injury is likely in the absence of an injunction[,]" the mere possibility of irreparable harm is insufficient. Winter, 129 S. Ct. at 375 (finding the Ninth Circuit's standard of a "possibility" of harm too lenient). "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Inst., 129 S. Ct. 1142, 1149 (2009).

Sakala v. BAC Home Loans Servicing, LP, Civ. No. 10-00578 DAE-LEK, 2011 WL 719482, at *4 (D. Hawai'i Feb. 22, 2011) (emphases added) (alteration in original).

"Since real property is considered unique, foreclosure on one's property may constitute irreparable harm." Gonzalez v. Wells Fargo Bank, Civ. No. 09-03444 MHP, 2009 WL 3572118, at *3

13

(N.D. Cal. Oct. 30, 2009). In the Court's view, it is clear that Plaintiff would suffer irreparable harm if he were to be evicted from his residence or lose possession of his residence. The closer question is whether Plaintiff has established that the threat of irreparable harm is actual and imminent. There is no indication that any of the subject properties are Plaintiff's residence or that he will be forced to vacate immediately upon sale at public auction.[4] The Court finds that Plaintiff has not made a sufficient showing of irreparable harm that is actual and imminent.

### III. **Balance of Equities and Public Interest**

Plaintiff argues that the balance of equities tips in his favor because "[s]elling the properties at non-judicial foreclosure will divest Plaintiff of his title by a party who has no legal or equitable right or interest to do so[.]" [Mem. in Supp. of Motion at 5.] The Court finds that Plaintiff has not met his burden of demonstrating that the balance of equities tips in her favor.

Finally, the Court must weigh the public interest, if

---

[4] Because the record is not clear in this case, the Court cannot discern whether any of the five subject properties are Plaintiff's residence or are investment properties. Courts have found that where the foreclosure is against investment property, the property interest is not sufficiently unique to justify a finding of irreparability. See, e.g., Jessen v. Keystone Sav. & Loan Ass'n, 191 Cal. Rptr. 104, 106-07 (Ct. App. 1983) (holding that investment units could be adequately compensated in damages because their price would be fixed by the open market).

any, implicated by the injunction. Winter, 129 S. Ct. at 374. When the reach of an injunction is narrow, limited only to the parties, and has no impact on nonparties, the public interest will be "at most a neutral factor in the analysis rather than one that favor[s][granting or] denying the preliminary injunction." Bernhardt v. Los Angeles County, 339 F.3d 920, 931 (9th Cir. 2003).

In sum, Plaintiff has not made the requisite showing under Winter. Alternatively, the Court concludes that the likelihood of success is not such that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

## CONCLUSION

On the basis of the foregoing, Plaintiff' Motion for Injunctive Relief/Temporary Restraining Order, filed on April 20, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 5, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY IAN MILLER V. DEUTSCHE BANK TRUST CO., ET AL; CIVIL NO. 11-00264 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER**